UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:08-CR-16 |
| | ) | (1:19-CV-107) |
| BENNY SWIFT | ) | |
| | ) | |

## OPINION AND ORDER

Benny Swift ("Swift") is currently serving a five-month sentence subsequent to a revocation of his supervised release. He now moves this Court pursuant to 28 U.S.C. §2255 to vacate his sentence due to what he believes was an inaccurate sentencing guidelines calculation by the probation officer and a violation of due process. [DE 65]. For the following reasons, Swift's motion will be DENIED.

## DISCUSSION

On July 28, 2008, Swift was sentenced on his convictions for Possession with Intent to Distribute Cocaine and Use of a Firearm in Relation to a Drug Trafficking Crime to serve a total of 120 months in the Bureau of Prisons (BOP) and a five year term of supervised release. Swift's supervised release term began on March 13, 2017. On January 8, 2019, U.S. Probation Officer Heidi Skaggs filed a Petition, requesting the Court issue a warrant for Swift's arrest alleging 16 violations of Swift's supervised release conditions. (DE 47-1). On February 4, 2019, Swift admitted guilt to violating conditions of his supervision and the Court found him guilty of thirteen violations. (DE 63). The Court sentenced Swift to five months in the BOP and imposed a new supervised release term of one year. (DE 63). He then filed the present motion claiming that his violations were inaccurately classified as Class B instead of Class C.

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995). However, a § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710–20 (7th Cir. 1994). Indeed, a petitioner's "failure to raise an issue on direct appeal generally bars a [petitioner] from raising it later in a post-conviction proceeding." *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993).

Here, Swift did not take a direct appeal of the revocation of his supervised release. Moreover, his petition does not make any showing of cause for not taking a direct appeal nor does it explain any actual prejudice to him from the failure to do so. As a result, Swift is procedurally defaulted from raising the due process claim he makes presently in a petition under §2255. *See United States v. Sewell*, 2019 WL 1755301 (outlining the three types of issues that are procedurally barred and noting that "meeting the cause and prejudice standard is more difficult than establishing

'plain error.'"); The Court also notes, however, that at the revocation of his supervised release Swift, who was represented by counsel, entered into an agreed disposition as to his sentence with the Government. [DE 62]. Thus, even if he was not procedurally defaulted, he would certainly have an uphill battle in this Court given that he agreed to the underlying disposition at his revocation hearing.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate"). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Here,

no reasonable jurist could conclude anything other than Swift is procedurally barred. Accordingly, the Court will not issue Swift a certificate of appealability.

## **CONCLUSION**

Based on the foregoing, Swift's Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence is DENIED. The Court declines to issue a certificate of appealability.

SO ORDERED. This 13th day of May, 2019.

s/ William C. Lee
United States District Court